IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD COLEMAN #1166948 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv176 |
| GLENDA FERGUSON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Harold Coleman, an inmate currently confined in the Cherokee County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.  The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding.  28 U.S.C. §636(c).

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on August 23, 2005.  At this hearing, Coleman testified that in August of 1997, he was examined by a nurse and given ibuprofen, which caused serious adverse reactions.  He stated that he vomited and urinated blood, and became dizzy and fell.  Coleman said that he was taken to East Texas Medical Center, where he was told that had he waited another two hours, he would have died. He was given a medication called Zantac and a blood transfusion.  Coleman said that he filed grievances about the incident, but that he was released from prison in February of 2000 and the copies of the grievances which he had were lost.  Medical records furnished by Coleman at the hearing indicated that the incident actually happened in August of 1998; however, Coleman referred to another lawsuit which he had filed, which he said concerned the same incident, which was filed in August of 1997.  A review of the docket shows that this lawsuit names different individuals as defendants.  *See* Coleman v. Bradshaw State Jail, et al., civil action no. 6:97cv753, dismissed without prejudice on December 8, 1997, no appeal taken.

1

<u>Legal Standards and Analysis</u>

Prior to September 1, 1987, the statute of limitations was tolled on claims arising while the claimant was imprisoned.  *See* Tex. Civ. Prac. & Rem. Code section 16.001 (Vernon 1985). However, the Texas legislature removed this tolling provision effective September 1, 1987.  Acts 1987, 70th Leg., ch. 1049, section 56.  All actions arising in prison prior to September 1, 1987 would have limitations begin to run on that date; all such actions arising after that date would have limitations begin to run on the date the action arose.  *See* <u>Burrell v. Newsome</u>, 883 F.2d 416, 420 (5th Cir. 1989).

Here, it is apparent that the plaintiff's cause of action arose after September 1, 1987, and the statute of limitations therefore began to run when the incident occurred.  In determining the length of the statute of limitations in section 1983 cases, federal courts borrow the forum state's general personal injury limitations period.  <u>Owens v. Okure</u>, 109 S.Ct. 573 (1989); <u>Burrell</u>, 883 F.2d at 418. The appropriate limitations period in Texas is two years.  <u>Burrell</u>, 883 F.2d at 419.

A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  <u>Lavellee v. Listi</u>, 611 F.2d 1129, 1131 (5th Cir. 1981).  Here, there is nothing to indicate that the plaintiff was unaware of the incident at the time it occurred; he was aware that he became ill and was taken to the hospital, where he was told that he had been in danger of dying. This claim therefore accrued when the incident occurred, which could be no later than August of 1998, the date on the medical records furnished to the Court at the hearing, and the limitations period on the claim expired in August of 2000.

The complaint, however, was signed by Coleman on March 6, 2005, some four and a half years after the statute of limitations had expired.  Consequently, Coleman's claim is barred by the statute of limitations.

<u>Conclusion</u>

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees.  Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, (1989), *citing* <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); *see also* <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Coleman's claims lack any arguable basis in law and fail to state a claim upon which relief may be granted in federal court because they are barred by the statute of limitations.  His lawsuit may therefore be dismissed as frivolous.  *See generally* <u>Thompson v. Patteson</u>, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **26** day of **September, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

3